UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SKULL SHAVER, LLC,     Plaintiff and Counter Defendant,           v.  FREEDOM GROOMING,     Defendant and Counter Claimant. | : : : : : : : |

No. 5:20-cv-03670

**O P I N I O N**
Motion to Dismiss for Failure to State a Claim, ECF No. 9 -- Denied

**Joseph F. Leeson, Jr.**                                                                                          April 13, 2021
**United States District Judge**

## I.   INTRODUCTION

Plaintiff Skull Shaver, LLC and Defendant Freedom Grooming both design and sell electric grooming products.  Skull Shaver brings this action against Freedom Grooming, alleging claims of utility patent infringement, Count I, and design patent infringement, Count II.  Freedom Grooming files the present partial motion to dismiss, seeking dismissal of Count II of the Amended Complaint, Skull Shaver's design patent infringement claim.

Following review of the Amended Complaint, Skull Shaver has alleged facts sufficient to sustain a design patent infringement claim at this stage of the litigation.  Accordingly, Freedom Grooming's motion is denied, and Skull Shaver's design patent infringement claim may proceed.

## II.   BACKGROUND

Skull Shaver designs and sells electric shaving products worldwide.  *See* Am. Compl. ¶ 13, ECF No. 6.  On December 11, 2012, the United States Patent and Trademark Office (USPTO) issued United States Design Patent No. D672,504 ("Design Patent") to Skull Shaver for an "Electric Head Shaver."  *See id.* at ¶¶ 10-11.  On May 20, 2014, The USPTO issued

United States Patent No. 8,726,528 ("Utility Patent") to Skull Shaver for an "Electric Head Shaver."  *See id.* at ¶¶ 10, 12.  Freedom Grooming, which is also engaged in the design and sale of electric shaving products, sells a product called the "Eagle Flex Shaver" or the "Flex Series Grooming Kit."  *See id.* at ¶ 14.  Freedom Grooming sells these Flex Series shavers exclusively through online channels for approximately $60.  *See id.* at ¶¶ 15-16.

On July 28, 2020, Skull Shaver filed its first Complaint, alleging Freedom Grooming's Flex Series shavers infringe on Skull Shaver's patents for the Electric Head Shaver.  *See* Compl., ECF No. 1.  Freedom Grooming moved to dismiss that Complaint on October 6, 2020.  *See* Mot. Dismiss, ECF No. 5.  In response to Freedom Grooming's first motion to dismiss, Skull Shaver filed its Amended Complaint.  *See* Am. Compl.  Therein, Skull Shaver alleges claims for infringement of both its Utility Patent, Count I, and Design Patent, Count II.  *See id.*  Freedom Grooming filed the present partial motion to dismiss, seeking dismissal of only the design patent infringement claim, Count II, of the Amended Complaint.  *See* Mot. Dismiss Am. Compl., ECF No. 9.  As to its design patent infringement claim, Skull Shaver alleges that Freedom Grooming's Flex Series shaver infringes Skull Shaver's Design Patent insofar as both contain:

(1) "a housing which contains the battery-operated electrical source and drive components";

(2) "a central hub extending from under the center of the housing to the cutter mechanism"; and

(3) a "cutter mechanism [that] defines a plane."  *See* Am. Compl. ¶ 26.

### III. LEGAL STANDARDS

#### A. Review of Motion to Dismiss for Failure to State a Claim

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

#### B. Law Governing Claims of Design Patent Infringement

The Federal Circuit has outlined the five elements required of any patent infringement pleading. *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013). A complaint must:

"(i) allege ownership of the patent,"

"(ii) name each defendant,"

> "(iii) cite the patent that is allegedly infringed,"

> "(iv) state the means by which the defendant allegedly infringes, and"

> "(v) point to the sections of the patent law invoked."

*See id.* (citing *Phonometrics, Inc. v. Hosp. Franchise Sys., Inc.*, 202 F.3d 790 (Fed. Cir. 2000)). "Rule 12(b)(6) requires no more." *See id.*

"[I]nfringement of a design patent is based on the design as a whole, not on any 'points of novelty.'" *See id.* (quoting *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008)). The patent and accused infringing product are to be compared using the "ordinary observer" test. *See MSA Prods., Inc. v. Nifty Home Prods., Inc.*, 883 F. Supp. 2d 535, 540-41 (D.N.J. 2012) (citing *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010).

> Under the ordinary observer test, infringement occurs "[i]f in the eye of the ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other."

*See id.* (quoting *Gorham v. White*, 81 U.S. 511, 528 (1871)).

Infringement should be found only where "the accused article embodies the patent design or any colorable imitation thereof." *See id.* (*Egyptian Goddess*, 543 F.3d at 678). On the other hand, dismissal is appropriate only where "no ordinary observer could determine that the allegedly infringed patent and the allegedly infringing article are substantially the same." *See id.*

**IV.     DISCUSSION**

Skull Shaver claims that Freedom Grooming has infringed on the Design Patent that Skull Shaver owns. Freedom Grooming moves to dismiss the claim, asserting that it is insufficiently pleaded. Notwithstanding, in its Amended Complaint, Skull Shaver alleges all of the necessary elements for a design patent infringement claim.

First, Skull Shaver alleges ownership of the Design Patent at issue.  In its Amended Complaint, Skull Shaver alleges that it is the "assignee of all right, title, and interest in and to the Design Patent."  *See* Am. Compl. ¶ 11.  Second, Skull Shaver names the Defendant against which it asserts the infringement claim, namely Freedom Grooming.  Third, Skull Shaver cites the patent that it claims Freedom Grooming infringed upon.  *See id.*; *see also id.* at Ex. A (Copy of Design Patent).

Fourth, Skull Shaver alleges the manner by which Freedom Grooming infringes upon its Design Patent.  Skull Shaver alleges that Freedom Grooming created and sold a product that "embodies the inventions claimed in the [Design] Patent[]."  *See id.* at ¶ 14.  Specifically, Skull Shaver alleges that the Freedom Grooming Flex Series shaver contains a similar housing, similar cutter head hub design, and a similar cutter mechanism to those embodied in the Skull Shaver patent.  *See id.* at ¶ 26.  Fifth and finally, Skull Shaver points to the sections of patent law upon which it grounds its claims.  *See id.* at ¶ 19 (citing 35 U.S.C. § 271(a)).  Accordingly, Skull Shaver has alleged all of the elements required of a plaintiff asserting a design patent infringement claim, and that is sufficient at this stage of the litigation.  *See Hall*, 705. F.3d at 1362 (citing *Phonometrics*, 202 F.3d at 709).

Freedom Grooming would prefer this Court review the visual similarities and differences of the patent and Flex Series product and find the products are sufficiently distinct.  Notwithstanding, a review of the disputed similarities and differences between the products would be inappropriate at this stage of the litigation.  It is true that the Federal Circuit, in a non-precedential opinion, affirmed dismissal of a design patent infringement claim on a motion for judgment on the pleadings.  *See Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927 (Fed. Cir. 2014).  In that case, however, the plaintiff "never explained how or why an ordinary observer

would be deceived into thinking that the accused products are the same as the patented design . . . ." *See id.* at 934.  Here, Skull Shaver's allegations are not so deficient as to render any claim of design patent infringement implausible.  Skull Shaver's allegations are not the sort of conclusory allegations deemed insufficient in *Anderson*.

Where the allegations raise the right to relief above the plausibility threshold, deciding the "inherently factual question" of whether an ordinary observer would find substantial similarity between the patent and product would be inappropriate at the pleadings stage of the litigation.  *See Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, No. 19-cv-05611-PJH, 2020 WL 513287, at *9 (N.D. Cal. Jan. 31, 2020).  While Freedom Grooming disputes the allegations in the Amended Complaint and asserts that its product is not similar to the Design Patent, the Court must accept the factual allegations as true for the purpose of this motion.  *See simplehuman, LLC, v. iTouchless Housewares and Products, Inc.*, 19-cv-02701-HSG, 2019 WL 5963245, at *5 (N.D. Cal. Nov. 13, 2019); *see also Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018) (finding claim construction dispute "not suitable for resolution on motion to dismiss").

Accordingly, Skull Shaver has met the threshold required of it at this stage of the litigation.  Namely, Skull Shaver has pleaded allegations sufficient to survive a motion to dismiss on its design patent infringement claim.  Therefore, Freedom Grooming's motion is denied, and the design patent infringement claim remains.

V. **CONCLUSION**

A review of the Amended Complaint shows that Skull Shaver has pleaded sufficient allegations to state a claim for design patent infringement.  Accordingly, Freedom Grooming's

motion to dismiss is denied, and Skull Shaver's design patent infringement claim, Count II of the Amended Complaint, may proceed.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge